**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

KELLY T. PALMER,                             No. CIV S-11-1786-KJM-CMK

    Plaintiff,

  vs.                                                 FINDINGS AND RECOMMENDATIONS

WELLS FARGO, NA.,

    Defendant.

_____/

        Plaintiff, proceeding in this action in propria persona, brings this civil action related to the foreclosure of his property. Pending before the court is defendants' unopposed motion to dismiss (Doc. 4). As no opposition was filed, the hearing on this motion was taken off calendar pursuant to Local Rule 230.

    **I.**    **Background**

        Defendant removed this foreclosure action from state court to this court on January 24, 2011. The complaint alleges the defendant acted in violation of 11 U.S.C. § 524 in pursuing a foreclosure of his property following a Chapter 7 Bankruptcy discharge. Plaintiff alleges that he filed for Bankruptcy in June 2008, and received his discharge in October 2008.

He states his bankruptcy case was reopened in May 2010, and closed again in June 2010. Following the end of his bankruptcy proceedings, he received a notice of default dated July 28, 2010. Then in October 2010, he received a notice of trustee's sale. On January 14, 2011, he states he received a notice to quit. He alleges he notified the defendant of the bankruptcy proceedings, and asked that the notice to quit be immediately rescinded. Following that notice, he filed this action in the Shasta County Superior Court on February 22, 2011.

### II.      Motion to Dismiss

Defendant filed the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). Defendant argues plaintiff fails to state a claim upon which relief may be granted, and any attempt at amendment would be futile.

#### A.      Legal Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

/ / /

/ / /

/ / /

1    Rule 8(a)(2) requires only "a short and plain statement of the claim showing that
2 the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is
3 and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)
4 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for
5 failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic
6 recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to
7 raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain
8 "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has
9 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
10 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at
11 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more
12 than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp., 550
13 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's
14 liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."
15 Id. (quoting Bell Atl. Corp., 550 U.S. at 557).

16    To determine whether a complaint states a claim upon which relief can be granted,
17 the court generally may not consider materials outside the complaint and pleadings. See Cooper
18 v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.
19 1994).  The court may, however, consider: (1) documents whose contents are alleged in or
20 attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454;
21 (2) documents whose authenticity is not in question, and upon which the complaint necessarily
22 relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668,
23 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice,
24 see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).
25 / / /
26 / / /

1  Finally, leave to amend must be granted "[u]nless it is absolutely clear that no
2  amendment can cure the defects." <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per
3  curiam); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

  **B.**  **Discussion**

Plaintiff alleges the defendant violated 11 U.S.C. § 524 by proceeding with a foreclosure on his property following his bankruptcy discharge. Reading the complaint as liberally as possible, it appears that plaintiff believes and alleges that all of his debts were discharged in his bankruptcy proceeding regardless of the nature of those debts, and he should not have been contacted by any creditor for any reason. Unfortunately, a bankruptcy discharge does not offer such blanket discharge without regard for the type of debts involved. In a Chapter 7 Bankruptcy, generally the debts that are discharged are the unsecured debts of the debtor. <u>See</u> <u>In re Henry</u>, 266 B.R. 457, 471-72 (Bkrtcy. C.D. Cal. 2001) (setting forth variations in the ways debts are discharged). There are certain types of debts which are not dischargable at all in a bankruptcy proceeding. <u>See</u> 11 U.S.C. § 523 (setting forth non-dischargable debts). In addition, secured debts, such as a mortgage, are not simply discharged in bankruptcy proceedings without regards to the secured property. Rather, a debtor has to make a choice as to how to deal with the secured property. He can surrender the property to the secured creditor, he can redeem the property by paying the creditor the fair market value, he can reaffirm the debt, or he can retain the property so long as he continues to make the contract payments (known as a "ride-through"). <u>See</u> 11 U.S.C. § 521(2)(a); <u>McClelland Fed. Credit Union v. Parker (In re Parker)</u>, 139 F.3d 668 (9th Cir. 1998).

Here, plaintiff claims the defendant violated § 524. The violations are not specifically alleged, but based on the factual allegations the court can envision two possible claims for violation from plaintiff's perspective. First, it is possible plaintiff's claim is based on the letters received by plaintiff after his discharge. Second, it is possible the claim is based on the actual foreclosure of the property. Either way, the court can see no possible way the

1 defendant violated § 524 based on facts presented in the complaint.  The bankruptcy injunction
2 protects a debtor against harassment from creditors during the bankruptcy proceedings and
3 thereafter as to all debts which were discharged.  However, as discussed above, secured debts are
4 not completely discharged. "[I]n cases where the creditor holds a secured interest in property
5 subject to a scheduled debt, a discharge extinguishes only the personal liability of the debtor.
6 'Notwithstanding the discharge, the [secured creditor]'s right to proceed against [the debtor] in
7 rem survived the Chapter 7 liquidation.'" In re Garske, 287 B.R. 537, 452 (9th Cir. BAP 2002)
8 (quoting Johnson v. Home State Bank, 501 U.S. 78, 80 (1991).

9          It appears that plaintiff attempted to keep the secured property without either
10 reaffirming the debt or continuing to make the contract payments.   While plaintiff cannot be held
11 personally liable for any deficiency there may be between the value of the property when sold
12 and the debt owed to the defendant, he was still under the obligation to pay for the property if he
13 wished to keep it.  According to the allegations in the complaint, the defendant waited until the
14 completion of the bankruptcy proceedings before exercising its rights to proceed in rem on the
15 secured property.  Contact between a debtor and a secured creditor after the conclusion of the
16 bankruptcy proceedings does not violate the discharge injunction provided in § 524.  Neither did
17 the defendant violate § 524 by foreclosing on the property.

18
19          **III.    Conclusion**

20          Plaintiffs' complaint fails to state a claim upon which relief can be granted.  Thus,
21 defendants' motion to dismiss should be granted in full.  Leave to amend must be granted
22 "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr.,
23 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th
24 Cir. 2000) (en banc).  Here, it is clear that no amendment can cure the defects discussed above.
25 Thus, the undersigned recommends no leave to amend be granted.
26 / / /

1       Based on the foregoing, the undersigned recommends that defendants' motion to dismiss (Doc. 4) be granted, without leave to amend, and this case be closed.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 21, 2011

                                                   */s/ Craig M. Kellison*
                                                   **CRAIG M. KELLISON**
                                                   UNITED STATES MAGISTRATE JUDGE